UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON L. BELTON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. GUTIERREZ, et al.,<br><br>    Defendants. | Case No. 19-cv-01909-WHO (PR)<br><br>**ORDER DENYING MOTION TO COMPEL DISCOVERY IN PART**<br><br>**ORDER STAYING DISCOVERY;**<br><br>**ORDER DIRECTING DEFENDANTS TO SUBMIT CERTAIN DOCUMENTS FOR AN *IN CAMERA* REVIEW**<br><br>Dkt. Nos. 44, 47, and 51 |

## INTRODUCTION

Plaintiff Belton's motion to compel discovery is DENIED in part because defendants have provided adequate responses to many of his discovery requests. However, I will conduct an *in camera* review of the documents allegedly covered by the official information privilege to determine whether its assertion is overbroad or appropriate in light of this case. Discovery is STAYED pending further order.

On or before **November 12, 2020**, defendants shall submit copies of the allegedly privileged documents identified in this Order to me for an *in camera* inspection. They may file one or more supplemental declarations in the case docket if there are additional reasons to the ones stated in opposition to Belton's motion regarding the privilege that may apply to any document.

## BACKGROUND

Belton alleges that on June 2, 2018 he was attacked by another prisoner in the dayroom of his housing unit at Salinas Valley State Prison. (Compl., Dkt. No. 1 at 3.) Prison guards J. Gutierrez, A. Pola, P. Gonzalez, and psychiatric technicians A. Camacho and Mayder, were present but failed to intervene. (*Id.*) He ended up with a laceration to

his left hand, and his right hand "looked broken," according to the nurse who treated him. (*Id.* at 7.) These wounds were treated, but plaintiff alleges that he received constitutionally inadequate medical care. (*Id.*) Belton later received a rules violation report and was found guilty of battery. (*Id.* at 8.) He appealed the guilty finding, which was reversed and the charges dropped. (*Id.*)

Belton filed the present 42 U.S.C. § 1983 suit regarding the above incidents. His Eighth Amendment failure-to-protect claims against the guards and technicians in the dayroom were found cognizable. (Order of Service, Dkt. No. 12 at 2.) His claim against prison guard Roger Martinez for denying plaintiff his due process rights at his disciplinary hearing was also found cognizable. (*Id.*) His Eighth Amendment medical care claims against Drs. Lam and Zewert were also found cognizable. (*Id.*) His claims against the supervisory defendants were dismissed. (*Id.* at 3.) Defendants were served with the complaint, and the parties engaged in discovery.

In August 2019, Belton mailed to the court discovery requests instead of serving such requests directly on defendants.[1] (Dkt. Nos. 16 and 17.) In September, defendants responded. (Opp. to MTC, Dkt. No. 52 at 3.) In January 2020, the parties had a telephone call to discuss discovery. (*Id.* at 4.) Defense counsel told Belton that he had substituted into the case after defendants' responses had been served and would review them. (*Id.*) In February, after having reviewed the responses, defense counsel sent Belton a letter in response to plaintiff's meet-and-confer attempt. (*Id.*) Counsel also mailed to Belton a supplemental response, along with a declaration from G. Lopez, the litigation coordinator at Salinas Valley, in support of the official-information privilege. (*Id.*) Another supplemental response was sent to Belton in March. (*Id.*) Belton asserts that he has had two telephone conferences with defendants regarding discovery. (MTC, Dkt. No. 44 at 1.)

---

[1] Belton is reminded that discovery requests should not be filed with the Court, but rather served on defendants.

2

1    In February 2020, Belton filed a letter that the Court construed as a motion to compel discovery.  (Mot. to Compel (MTC), Dkt. No. 44.)  After defendants were ordered to file a response to the motion to compel, Belton filed another motion to compel.  (Dkt. No. 47.)  These motions are the subject of this Order.  Defendants oppose the motion to compel.  (Opp. to MTC (Opp.), Dkt. No. 52.)

In the midst of this discovery dispute, Belton filed an amended complaint, (Dkt. No. 45), in response to which defendants filed an answer, (Dkt. No. 49).  Belton asserts the only changes were to page 10 of the original complaint.  (Dkt. No. 45 at 12.)  Because defendants have not raised any objection to the filing of the amended complaint, it is deemed the operative complaint in this matter.  In the future, Belton must seek <u>and</u> be granted leave of court <u>before</u> he may file an amended complaint.  An amended complaint filed before leave has been granted may be summarily dismissed.

**STANDARD OF REVIEW**

In general, parties may obtain discovery regarding any matter, not privileged, that is "relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  "A party may serve on any other party a request within the scope of Rule 26(b):  (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).

A motion to compel a discovery response is appropriate when a party refuses to produce relevant, non-privileged discovery.  Fed. R. Civ. P. 37(a)(2).  The movant must certify that it has in good faith conferred or attempted to confer with the party failing to make discovery in an effort to secure information or material without court action.  Fed. R. Civ. P. 37(a)(1).

**DISCUSSION**

Belton seeks to compel discovery of nine sets of documents.  (MTC, Dkt. No. 44-4.)  Defendants oppose the motion, contending that they have "provided four of the nine requests and a partial response to a fifth request."  (Opp., Dkt. No. 52 at 2.)  The remainder

3

of the discovery requests at issue are, defendants contend, "confidential and protected by the official-information privilege." (*Id.*) These remaining requests are also "vague and ambiguous, overbroad, irrelevant, and not proportional to the needs of this case." (*Id.*)

### i. Request No. 1: Personnel Records and Complaints

Belton seeks discovery of employee personnel records of any and all complaints of misconduct by prisoners and CDCR employee's reprimands, suspensions, docketing of pay, dereliction of duty excessive use of force and failure to protect from 2013 to 2019. He asks for such information regarding Gutierrez, Gonzales, Pola, Martinez, Lam, Camacho, Mayder and Zewert. (MTC, Dkt. No. 44-4 at 1-2.) Although defendants objected "due to the privileged and confidential nature of the documents sought, . . .a substantive response was provided that no such documents were located." (Opp., Dkt. No. 52 at 5.)

Because there are no such documents, Belton's motion to compel discovery is DENIED.

### ii. & iii. Request Nos. 2 & 3: O.C. Spray Policy

Belton seeks discovery of (i) Salinas Valley's policy for the use of O.C. spray on inmates who are under mental and medical health care supervision, and (ii) the use-of–force policy within Salinas Valley's housing units. (MTC, Dkt. No. 44-4 at 2.)

"While there is no allegation that Defendants improperly used O.C. spray, or any force, against Plaintiff in stopping the fight, Defendants provided a substantive response to these requests, with documents." (Opp., Dkt. No. 52 at 5.) Because those materials are not relevant to the failure to protect and medical care claims raised in this suit and a substantive response has been produced in any event, Belton's motion to compel is DENIED.

### iv. Request No. 4: Policies Regarding Dangerous Inmates

Belton asks for documents related to CDCR policies regarding the supervision of prisoners who are a threat to themselves or others. (MTC, Dkt. No. 44-4 at 2.) Defendants "provided a substantive response to this request, with documents, on March 19, 2020."

4

(Opp., Dkt. No. 52 at 5.)

After defendants filed their opposition (Dkt. No. 52), they discovered a supplemental policy to the CDCR's manual regarding forced cell extractions of inmates, including those with mental health designations. (Supplemental Response to MTC, Dkt. No. 53 at 2.) They assert that this document is confidential and cannot be disclosed to Belton or any other inmate. (*Id.* at 3.) Defendants sent Belton further objections regarding this document with a declaration of G. Lopez, the litigation coordinator at Salinas Valley, in support of defendants' assertion that this supplemental material is protected by the official-information privilege. (*Id.*)

It is not obvious that this policy is relevant--the incident occurred in the dayroom and did not involve a cell extraction. And all or most of it may be privileged in any event. But before I can determine either of those questions, I need to see it. It should be produced *in camera* for inspection.

### v. — ix. Requests 5 through 9: Documents Related to Staff Investigation

Belton's remaining discovery requests relate to documents regarding the prison's investigation into the June 2, 2018 incident. Specifically he requests: (v.) copies of statements given by Mayder, Comacho, Freeman, Gutierrez, Gonzales and Pola; (vi.) copies of reports and interviews conducted by Lieutenant Jones and Sergeant Wade of witnesses or any other staff; (vii.) any and all reports of interviews of staff and prisoners made during the investigation of the incident; (viii.) copies of the officers' certification and training records; and (ix.) copies of all statements given by Freeman, Gutierrez, Gonzales, Pola, Martinez, Comacho and Mayder made during the course of the investigation; and a copy of investigating officer Sergeant Mislana's notes and recommendation created during the course of her investigation. (MTC, Dkt. No. 44-4 at 2-3.)

Defendants object to these requests because they are subject to the official-information privilege, which is one of federal common law. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990). "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential

1  disadvantages." *Id.* at 1033-34.  The privilege "must be formally asserted and delineated
2  in order to be raised properly," and the party opposing disclosure must "state with
3  specificity the rationale of the claimed privilege."  *Kerr v. United States Dist. Ct. for the*
4  *Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975).

5  In order for a court to determine whether the official information privilege applies,
6  defendants must provide with their objection a declaration or affidavit containing (1) an
7  affirmation that the agency generated or collected the material in issue and has in fact
8  maintained its confidentiality, (2) a statement that the official has personally reviewed the
9  material in question, (3) a specific identification of the governmental or privacy interests
10 that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a
11 description of how disclosure subject to a carefully crafted protective order would create a
12 substantial risk of harm to significant governmental or privacy interests, and (5) a
13 projection of how much harm would be done to the threatened interests if the disclosure
14 were made.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 670 (N.D. Cal. 1987).

15 The defendants have made a showing based on the declarations of G. Lopez, the
16 litigation coordinator at Salinas Valley, with respect to Requests (v.) through (vii.), and
17 (ix.), (Opp. to MTC, Lopez Decl., Dkt. No. 52-1 at 36-38), and P. Roque, a correctional
18 lieutenant at Salinas Valley, with respect to Request (viii.).  (*Id.*, Roque Decl., Dkt. No. 52-
19 1 at 20-22.)  Because Belton does not know what the allegedly protected documents
20 contain, it is difficult for him to meet his burden-shifting obligation to:  (1) state the
21 requested information is relevant to the litigation or is reasonably calculated to lead to the
22 discovery of admissible evidence; (2) identify his interests that would be harmed if the
23 material were not disclosed; and (3) explain how that harm would occur and how extensive
24 it would be.  *Kelly*, 114 F.R.D. at 671.  He contends in a conclusory fashion that
25 "defendants['] objections do not constitute an adequate bar to the court['s] mandated
26 discovery requirements," and asks for an *in camera* review of the documents.  (Reply to
27 Opp. to MTC, Dkt. No. 54 at 3.)
28

6

The documents withheld under Requests (v)-(vii) and (ix) shall be produced *in camera* to me. I understand the concerns for safety that are generally described in the defendants' declarations. But it also appears that the defendants are not providing any of the core documents for Belton's failure to protect claim—witness statements, opposing party statements, reports regarding the investigation. Perhaps Belton has been provided with that information in another form—if so, the defendants should explain that in a supplemental declaration. It may be, after review, that I agree with defendants that in this case it would be a safety concern to disregard the blanket assertion of the privilege they have made regarding those documents. I might decide that redacting the documents could satisfy those legitimate concerns and Belton's rights to a fair proceeding. I cannot know what is appropriate until I review the documents.

Request (viii.), the certification and training records, need not be submitted as they do not appear to be relevant and material to Belton's case. The motion is DENIED as to that request. Also, Sergeant Mislana's requested notes do not exist and need not be disclosed.

## CONCLUSION

Belton's motions to compel discovery are DENIED in part. (Dkt. Nos. 44 and 47.) Discovery is STAYED. No further discovery motions will be entertained unless and until I lift the discovery stay after I have reviewed the documents *in camera* and determine that further discovery is appropriate.

On or before **November 2, 2020**, defendants shall submit to me for an *in camera* inspection the policy regarding forced cell extractions and the documents in response to Requests (v.) through (vii.) and (ix.). At that time, defendants may (but are not required to) file any further necessary declarations that respond to the Order. Defendants should also consider whether any portions of the documents could be produced in redacted form to Belton in light of the concerns expressed in this Order.

Defendants filed a motion for summary judgment while discovery proceedings were pending. (Dkt. No. 48.) It was denied without prejudice because I wished to resolve all

7

discovery disputes before dispositive motions were filed.  (Dkt. No. 50.)  Accordingly, Belton's motion to extend time to file a response to defendants' motion for summary judgment is DENIED as moot.  (Dkt. No. 51.)

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:**  September 29, 2020


WILLIAM H. ORRICK
United States District Judge

8